UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ZALDIVAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 15-cv-03241-DMR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

　　　　Plaintiff Andrew Zaldivar, who is currently in custody at the San Francisco County Jail in San Bruno, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Director of the Social Security Administration in San Francisco. Plaintiff claims that he had applied for Supplemental Security Income ("SSI") benefits, and that his application was "approved." Dkt. 1 at 3. He alleges that he was "entitled to approx. $1000.00 dollars a month, medicare, and retroactive pay." *Id.* He claims that he "received the first month direct express money card but due to deliberate malice directed towards [him] by SSI staff [he] failed to retrieve [his] series [of] administered direct payments and reissued money cards that were deliberately administered to other individuals to harm [him] financially, spiritually, physically [and] mentaly [sic]." *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.*

　　　　Plaintiff has consented to magistrate judge jurisdiction, *id.* at 4, and this matter has been assigned to the undersigned Magistrate Judge.

　　　　Plaintiff has previously been granted leave to proceed *in forma pauperis*. Dkt. 5.

Because Plaintiff is proceeding in *forma pauperis*, the court shall review such a complaint pursuant to 28 U.S.C. § 1915(e)(2). The court is required to dismiss a complaint if it finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (regarding all *in forma pauperis* complaints).

As mentioned above, Plaintiff has consented to magistrate judge jurisdiction. A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but the defendant has not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

In his complaint, Plaintiff concedes that he has failed to exhaust his administrative remedies as to his claim. Dkt. 1 at 2. If Plaintiff wants to challenge a decision by the Social Security Administration involving his SSI benefits, he may do so, but first must receive a "final decision" and then exhaust administrative remedies with the Social Security Administration. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"). The regulations implementing the Social Security Act provide for a four step administrative review process. 20 C.F.R. § 416.1400(a). These steps are (1) an initial determination about eligibility; (2) reconsideration of the initial determination; (3) a hearing

before an administrative law judge; and (4) review by the Social Security Appeals Council. *Id.* It is only after completing all of these steps that the Commissioner's decision is "final" and the individual may seek judicial review of that decision. Plaintiff claims he has completed the first step and received a determination about his eligibility. Dkt. 1 at 3. However, he admits that he has not completed any of the remaining three aforementioned steps. *Id.* at 2. As such, Plaintiff's complaint fails to state a claim upon which relief may be granted.

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted.[1] In light of the dismissal, all pending motions are denied as moot, including Plaintiff's motions entitled "Motion To Give Extra Time Also for Summary Judgement [sic]" and "Motion to Satisfy Owed Payments and Punitive Damages." Dkts. 7, 8.

## CONCLUSION

For the reasons outlined above, this action is DISMISSED for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff refiling after he has completed the aforementioned steps in the administrative process provided by the regulations implementing the Social Security Act. *See* 20 C.F.R. § 416.1400(a).

The Clerk of the Court shall enter judgment, terminate all pending motions as moot (dkts. 7, 8), and close the file.

This Order terminates Docket Nos. 7 and 8.

IT IS SO ORDERED.

Dated: January 20, 2016

DONNA M. RYU
United States Magistrate Judge

---

[1] As mentioned above, the undersigned Magistrate Judge has jurisdiction to dismiss this action even though Defendant has not been served or consented to magistrate jurisdiction. *See Neals*, 59 F.3d at 532.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW ZALDIVAR,

         Plaintiff,

    v.

SAN FRANCISCO SOCIAL SECURITY ADMINISTRATION DIRECTOR OF SF, CA 94102,

         Defendant.

Case No.  4:15-cv-03241-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 20, 2016, I SERVED a true and correct copy(ies) of the Order of Dismissal Without Prejudice, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Zaldivar ID: 475077
County Jail #5
Housing 2B-22 lower
P.O. Box 67
San Bruno, CA 94066

Dated: January 20, 2016

                        Susan Y. Soong
                        Clerk, United States District Court

                        By:_____
                        Ivy Lerma Garcia, Deputy Clerk to the
                        Honorable DONNA M. RYU